ELLIS, Judge.
This is a suit for cancellation of a mineral lease and for damages. Plaintiff is the lessor, Wesley J. Norwood, Sr., and defendant is the lessee, WPM Exploration, Inc. After trial on the merits, judgment was signed ordering the lease cancelled, and defendant has appealed. Plaintiff has answered the appeal, asking for damages and attorney’s fees, which were denied by the trial court.
On the evening of August 30,1979, plaintiff was approached by Richard Conner, representing WPM, relative to leasing 67 acres of land for mineral purposes. After some negotiation, a price of $45.00 per acre for the first year and $25.00 per acre per year thereafter, for a five-year period was agreed on. The lease was executed and Mr. Conner gave plaintiff a draft, drawn on Guaranty Bank & Trust Company, Lafayette, Louisiana, for $3,015.00, dated August 30, 1979. The draft stipulates that it is “subject to title and 30 days sight.”
Mr. Norwood placed the draft for collection with his bank in St. Francisville, Louisiana, on August 31, 1979, and the draft was received by the Guaranty Bank on September 4, 1979. On October 2, 1979, plaintiff called his bank and found that the draft had not yet been honored. On the same day, his bank was instructed not to accept or deposit any funds paid on account of the draft, and Mr. Conner was notified by telephone that the lease was terminated. Subsequently, WPM was advised not to record the lease.
The draft was, in fact, received by the Guaranty Bank on September 4, 1979, and paid on October 3,1979. The payment was refused by plaintiff’s bank.
Mr. Norwood testified that, at the time that the draft was delivered, Mr. Conner told Mrs. Norwood that the draft was “a 30 day draft, but don’t worry your money will be in the bank before 30 days,” or “The check will be there before 30 days is up.” Mrs. Norwood testified that Mr. Conner told her “don’t run out and write a check on this in the next day or two, because it won’t be any money in the bank for a few days.” She also testified that Mr. Conner said the money would be in the bank within 30 days.
Mr. Conner said that he explained to plaintiff and Mrs. Norwood that he had given them a 30 day draft, and that it would be a few days before the money would be received by their bank. He did not recall stating that the money would be received within 30 days. He testified that he told them it was a 30 day draft.
The trial judge concluded from the foregoing testimony that “the parties never reached a meeting of the minds about the nature of the payment,” and that he was convinced that “payment within 30 days was a principal cause of the lessors consenting to receive a draft....” He then stated:
*36 “Under the facts of this case, unique as to the circumstances and dependent upon the inducement to accept the draft, and upon the close examination and observation of the witnesses as to their testimony regarding the negotiations, it is found that equity and justice may best be served by placing the parties in the same position as prior to the date of August 31, 1979. Both have suffered, perhaps speculative damage, but real damage to either has not been shown. It cannot be said that time is on the side of either in this highly speculative business.”
In this court, WPM contends that the trial court erred in finding that the draft was not timely paid; in admitting into evidence, over defendant’s objection, parol testimony tending to vary the terms of the draft; and, alternatively, that the evidence so admitted failed to establish that the draft was payable within 30 days of its date, rather than within 30 days from sight.
The dispute in this ease arises out of the term “30 days sight.” Plaintiff claims that Mr. Conner told him this term meant that the draft would be paid within 30 days. Mr. Conner testified that he only told plaintiff that the draft was a “30 day draft.” He denied, or did not recall giving any more specific definition of the term than that.
The term “30 days sight” is nowhere defined in our law. R.S. 10:3-109 refers to a fixed period “after sight,” and the term “at sight” appears elsewhere in our law. However, “sight” alone seems to have no fixed meaning at law. It is obvious, however, that the term “30 days sight” has a meaning within banking and other commercial circles.
Article 1947 of the Civil Code states: “Terms of art or technical phrases are to be interpreted according to their received meaning with those who profess the art or profession to which they belong.”
The record is devoid of any evidence as to the meaning of that term. It is obvious from the evidence that plaintiffs did not know what it meant and asked Mr. Conner. It is equally obvious that Mr. Conner did not explain fully the meaning of “30 days sight.” According to his own testimony, he told plaintiff it was a 30 day draft and no more.
Articles 1957 and 1958 of the Civil Code provide:
Art. 1957 “In a doubtful case the agreement is interpreted against him who has contracted the obligation.”
Art. 1958 “But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee.”
Under the foregoing circumstances, the misunderstanding of plaintiff as to the technical significance of “30 days sight” stems from the failure of Mr. Conner to make the “necessary explanation.” We do not believe that the law will bind plaintiff to the technical meaning of the term when both he and his wife requested an explanation thereof, and it was not sufficiently given.
Within the context of the circumstances of this case, we find the term “30 days sight” to be ambiguous and obscure, and that parol evidence is admissible to explain the ambiguity. The trial judge found that the plaintiff was led to believe that the draft was to be payable within 30 days of its date, and that this was a principal cause of the contract. We find no error in his conclusion.
By answer to the appeal, plaintiff seeks damages and attorney’s fees, which were denied by the trial court. An award for damages and attorney’s fees is covered by R.S. 31:206 et seq. These statutes provide that when a mineral right is extinguished for any reason, and a demand is made for an act of cancellation thereof, the failure of the former owner of the right to furnish the required act within 30 days subjects him to damages and attorney’s fees. R.S. 31:209 makes the right to secure damages and attorney’s fees applicable to a demand for dissolution of a mineral lease.
*37 The trial court found that no real damages were suffered by either party, and the record contains no proof of damages suffered by plaintiff. In this court, plaintiff argued that he has been unable to lease his property for three years because of defendant’s failure to pay the consideration for the lease timely. However, there is no evidence of other opportunities to lease the property, a fact which could easily have been proven. We find no error in the refusal of the trial judge to award damages.
As to attorney’s fees, we note that defendant was notified not to record the lease, and, after it was recorded, a demand for its cancellation was made. Defendant failed to comply with the demand within 30 days, and therefore subjected itself to the payment of reasonable attorney’s fees. Considering the record herein, the amount of time consumed in preparation and trial hereof in district and appellate courts, the questions of law presented, and the value of the rights involved, we find that an attorney’s fee of $1500.00 would be reasonable.
The judgment appealed from is amended, so as to award plaintiff an attorney’s fee of $1500.00, with interest from date of judicial demand until paid, and, as amended, it is affirmed, at defendant’s cost.
AMENDED AND AFFIRMED.